CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 02 2010

JOHN F. CORCORAN, CLERK
BY: /s/ Brock
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 7:05CR00028-017<br>) (Case No. 7:09CV80202)<br>) |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| MISSY SMITH, | ) By: Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Upon review of the record, the court finds that the government's motion to dismiss must be granted.

## I. Background

A grand jury in the Western District of Virginia returned a superseding indictment on June 8, 2006, charging Missy Smith and others with conspiracy to distribute or possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine in Grayson and Carroll County, Virginia. After a three-day trial, the jury returned a verdict of guilty and made a specific finding that Smith should be held accountable for conspiring to distribute or possess with intent to distribute more than 500 grams of the prohibited substance.[1] Based on this finding alone, Smith faced a statutory mandatory minimum sentence of 10 years

---

[1] On the special verdict form, the jury was given three "yes or no" questions, asking whether the jury found Smith guilty beyond a reasonable doubt of knowingly conspiring to distribute and to possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, more than 50 grams of such a substance, or less than 50 grams of such a substance. On the verdict form signed by the jury foreman and communicated to the court, the first paragraph (more than 500 grams) was checked.

imprisonment. See 21 U.S.C. § 841(b)(viii). Defense counsel filed a motion for acquittal, arguing that the evidence was not sufficient to support the jury's finding that Smith conspired to distribute more than 500 grams.

In the presentence investigation report (PIR), the probation officer concluded that Smith should be held accountable for 1.3 kilograms of a mixture containing methamphetamine.[2] Under the discretionary federal sentencing guidelines, a drug amount between 500 grams and 1.5 kilograms of methamphetamine results in a base offense level of 32. United States Sentencing Manual (USSG) § 2D1.1(c)(4). The officer calculated that Smith qualified for a criminal history category IV, giving her a guideline range of 168 to 210 months imprisonment.

At sentencing in April 2007, orally and in a written sentencing memorandum, Smith's counsel argued under United States v. Booker, 543 U.S. 220 (2005), that the court had the

---

[2] In Paragraphs 42 and 45 of the PIR, the officer reported the evidence on which Smith's drug amount was calculated, as follows:

> Missy Smith (a.k.a. Missy Heldreth) was said to have been supplied with ounce quantities of methamphetamine by both Garcia and Martinez. Tabitha Isom also supplied Missy Smith at times, as did Stacy Smith, who is believed to have provided her a total of two to three ounces. Gary Todd was present on one occasion when the defendant is said to have received one to four ounces directly from Garcia. Smith, herself, recalls receiving one-half ounce quantities from Gary Todd three to four years ago. She admits that she then utilized Tabitha Isom as a source of supply. She also received a total of two ounces directly from Garcia. Garcia has related that the defendant still owes approximately $2,000 for drugs previously "fronted" to her.
> . . . .
> Evidence presented at trial suggests that multiple co-defendants delivered ounce quantities of methamphetamine to the defendant. Further, the principle of this conspiracy, Martin Garcia, testified that he provided the defendant two ounces of methamphetamine weekly for at least six months. This estimation alone would suggest that the defendant was responsible for at least 1.3 kilograms of methamphetamine.

discretion to depart below the guideline range to sentence Smith to the 120-month, statutory mandatory minimum sentence as the appropriate term of confinement for Smith's offense. (Sent. Tr. 42-45, April 20, 2007.) Counsel offered Smith's efforts before her arrest to rehabilitate herself and take care of her family as a reason she should receive a sentence below her guideline range.[3] (Id.) Counsel also contended that it was not fair for people who supplied the drug to Smith to be sentenced to fewer months in prison than she was, merely because they cooperated with law enforcement authorities. (Id. 45-48.)

The court found that the evidence, including the testimony of several witnesses, was sufficient to support the jury's drug amount finding and, therefore, denied the motion for acquittal. See United States v. Smith, No. 7:05CR00028, 2007 WL 1189642 (W.D. Va. April 20, 2007) (unpublished). The court rejected the government's argument that Smith should be held responsible for an amount of drugs greater than 1.3 kilograms, based on amounts trafficked by higher level dealers in the conspiracy. (Id. 4-5, 9-10.) The court also found that Smith's mitigation evidence did not outweigh the jury's finding that she had been extensively involved in drugs and drug trafficking and so declined to depart downward from the guideline range. (Id. 51-56.) Adopting the findings in the PIR, the court sentenced Smith to 174 months imprisonment, toward the bottom of her guideline range. (Id.)

---

[3] Counsel called Smith's 20-year-old daughter, Angel Smith, who testified about how her mother overcame her addiction to methamphetamine without help, out of determination to win back custody of Angel's younger sister, Crystal, who was born addicted to methamphetamine in June 2005. (Sent. Tr. 14-16.) Smith's abstinence from drugs was verified by testimony from her social services case worker. (Id. 17-23.) A county health department nurse, who had examined Crystal in Smith's home eleven times after Smith regained custody of the child, testified that the baby was normal and healthy and the home was clean; she also testified that Smith was a good mother who had bonded with the child and exhibited no signs of drug use. (Id. 25-31.)

Smith appealed her sentence, arguing that the evidence did not support the jury's drug weight finding. The United States Court of Appeals for the Fourth Circuit affirmed, finding that the evidence was sufficient to hold her accountable for at least 500 grams or more of methamphetamine. See United States v. Smith, 317 Fed. App'x 323 (4th Cir. Dec. 2, 2008) (unpublished).

In November 2009, Smith filed this § 2255 motion, alleging the following grounds for relief as construed by the court:

1. The government presented evidence from codefendants who sold drugs to the defendant, a heavy drug user, but presented no evidence regarding those who purchased drugs from her, so she is entitled to a downward adjustment to her sentence under USSG § 3B1.2(b) because she played only a minor role in the conspiracy, and counsel should have raised this argument at trial and on appeal.

2. The court applied illegal enhancements to the defendant's sentence under the sentencing guidelines, and counsel was ineffective in this regard.

3. The defendant's sentence was unreasonable because it was based on enhancements dictated by the sentencing guidelines beyond the facts found by the jury, in violation of principles found in Booker, 543 U.S. 220, and later cases, and counsel was ineffective for failing to offer meaningful arguments on this issue so as to preserve it for appeal.

4. Counsel failed to research and investigate the unlawful enhancements applied to the defendant's sentence or her right not to be sentenced on inaccurate information, including drug weight, and she should be resentenced without any enhancements and without the presumption that the guideline sentence was reasonable.

5. The defendant's sentence was unreasonable because it was greater than the sentence the kingpin received.

The government filed a motion to dismiss, supported by an affidavit from defense counsel, arguing that Smith's claims were without merit and that some of them are procedurally defaulted. Smith responded, making the matter ripe for consideration. In the response to the motion to dismiss, Smith also asserts additional, overlapping claims:

6. Counsel was ineffective for failing to investigate and advise the defendant of the drug amount for which the government would charge her and for failing to see a bill of particulars, thus depriving her of the right to formulate a defense, such as pleading guilty to a lesser amount.

7. Counsel should have argued that the court was not bound by the guideline range and could have sentenced the defendant to the statutory mandatory minimum of 120 months.

8. Counsel should have advised the defendant that she might be sentenced for more drugs than the amount charged in the indictment.

Upon review of the record, the court concludes that the motion to dismiss must be granted.

## II. Discussion

### A. Procedural Default

The government first argues that the portions of Claims 1-5 in which Smith alleges that the court erred in some respect are procedurally barred from review under § 2255 because Smith could have raised such claims on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Frady, 456 U.S. 152, 170 (1982). The court agrees.

Section 2255 is not intended to be a substitute for trial or appellate remedies for challenging a conviction. Ordinarily, a challenge to the manner in which one's sentence is calculated is appropriately raised on direct appeal. Since Smith did not raise the substantive sentencing errors alleged in Claims 1-5 in her appeal, they are barred from review under § 2255 unless she can demonstrate "cause" for her failure to raise the claims on appeal and then show "actual prejudice" stemming from the alleged constitutional error, or she can demonstrate actual innocence. Frady, 456 U.S. at 170.

To show cause, the defendant must demonstrate that some factor external to herself prevented her from raising the claim earlier. Murray v. Carrier, 477 U.S. 478 (1986). Errors of

counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if the defendant demonstrates that the errors were so egregious that they violated her constitutional right to effective assistance of counsel. Strickler v. Green, 527 U.S. 263, 283 (1999).

Smith argues that counsel was ineffective in various ways. While counsel's errors may serve as cause to excuse a default, for the reasons explained below, Smith has not demonstrated that counsel's alleged errors rose to the level of a constitutional deprivation. Accordingly, Smith fails to make the showing necessary for counsel's actions to serve as cause. Id. She does not argue any other cause for her failure to raise her substantive court error claims on appeal.

The defendant may also circumvent her default of the claims by showing that she is actually innocent. Bousley, 523 U.S. at 621. Specifically, she "must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of" all the evidence, including "evidence that was either excluded or unavailable at trial." Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

Smith asserts that the government presented no witness who saw Smith selling methamphetamine to anyone and that the evidence demonstrated instead that she used an extensive amount of the drug to fuel her own addiction and to share with friends. In fact, Lisa Alley testified that she delivered drugs to Smith and remained in Smith's trailer while Smith sold the substance in order to ensure that Smith would pay her what she was owed. (Trial Tr. 32, Jan. 30, 2007.) Shortly after Smith was arrested, she admitted to an agent that she had sold methamphetamine. (Id. 164-68.) From the evidence presented at trial, jurors found that Smith had conspired to distribute more than 500 grams of the illegal substance. Smith offers no new

evidence to counteract the government's case against her so as to make it more likely than not that no reasonable juror would convict her. Accordingly, she fails to demonstrate actual innocence under the Schlup standard so as to circumvent her procedural default.

Because Claim 5 and Claims 1-4 to the extent that they allege an error by the court in computation of Smith's sentence could have been raised on appeal, but were not so raised, these claims are procedurally barred from review under § 2255. Smith fails to demonstrate cause or prejudice, or actual innocence, so as to excuse such default. Therefore, the court will grant the motion to dismiss as to these claims.

**B. Counsel's Alleged Errors**

To prove that counsel's representation was so defective as to require that the conviction or sentence be vacated, the defendant must satisfy both prongs of a two-part standard by demonstrating that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To do so, the defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted). Second, to show prejudice, the the defendant must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that the defendant has not satisfied one prong of the Strickland test, the court need not inquire whether she has satisfied the other prong. Id. at 697.

Smith first argues that counsel should have argued for a reduction in her offense level, based on her minor role in the conspiracy, and should have argued against unspecified sentence

enhancements under the guidelines. The facts do not support either of these arguments. Under § 2D1.1(c)(4), an offender responsible for more than 500 grams and less than 1.5 kilograms receives an offense level of 32, which is the level assigned to Smith in the PIR and adopted by the court. Neither the PIR nor the court applied any guideline enhancements to her sentence. Thus, her offense level and ultimately, her guideline range, were controlled by the amount of drugs for which the jury found her responsible.[4] Given the jury's finding on drug amount, counsel reasonably believed that an argument for a minor role reduction would have failed. Counsel's failure to make an argument without support in the record cannot be ruled deficient representation. Moreover, because the court finds no reasonable probability that an argument for a minor role reduction would have succeeded, given the finding that Smith sold 1.3 kilograms of drugs, she cannot show prejudice.[5] (Sent. Tr. 53-54, Apr. 20, 2007.)

Rather than fight the drug weight at sentencing, counsel made a strategic choice to concentrate on mitigating evidence: that Smith quit using methamphetamine on her own before her arrest; that she proved herself worthy of regaining custody of her child; that she held a steady job; and that to sentence her to more time than her supplier received was unfair. Counsel argued that based on these unusual circumstances, the court could depart below the guideline range. The court cannot find that this strategy was unreasonable under the circumstances in Smith's case. For the stated reasons, Smith is not entitled to relief on Claims 1, 2, and 4.

---

[4] Counsel states in paragraph (c) of his affidavit that he did not argue against the finding that Smith should be held responsible for 1.3 kilograms of methamphetamine as stated in the PIR, because this amount was not inconsistent with the jury's finding on drug amount and because the amount had no effect on the calculation of the guideline range under § 2D1.1(c)(4).

[5] Clearly, counsel's representation cannot be ruled deficient, based on his failure to object to sentence enhancements that were not applied.

Smith also asserts that counsel should have raised arguments under Booker, 543 U.S. 220, that the guideline range was advisory, not mandatory, and that the court had discretion to sentence Smith below that range. In fact, counsel did raise Booker arguments. He asserted that based on the mitigation evidence, the court should depart below the guideline range and sentence Smith to the statutory mandatory minimum of 120 months. (Sent. Tr. 42-48, Apr. 20, 2007.) Moreover, the court was clearly aware of its discretion to sentence below the guideline range, but found that the facts of the case warranted a sentence at the low end of that range instead. (Id. 52-56.) Under the structure of the guidelines, based on Smith's more serious criminal history and her failure to admit that her conduct was harmful to others in her community, the court did not find it inappropriate to impose a sentence longer than the sentence imposed on her supplier, who pleaded guilty, accepted responsibility, and cooperated with law enforcement. (Id.) As the court's findings clearly demonstrate, the 174-month sentence was based on specific evidence of the defendant's conduct and criminal history and not merely on the presumption that a sentence within the guideline range was reasonable. For the stated reasons, Smith's arguments regarding counsel's use of Booker and mitigation evidence fail under both prongs of Strickland. 466 U.S. at 687. See Claims 3 and 7.

The remaining claims Smith raises fail for lack of factual support. First, Smith fails to point to any specific information that counsel would have learned through a bill of particulars that he did not already know from discovery materials provided to him by the government or how such information would have persuaded Smith to plead guilty instead of going to trial. Accordingly, as to Claim 6, Smith fails to establish facts necessary under either prong of Strickland. Id. Second, even if counsel failed to inform Smith that the PIR and the court might

hold her responsible for more than 500 grams of methamphetamine, she can show no prejudice under Strickland, inasmuch as she was sentenced based on the range charged in the indictment and found by the jury. Id. at 694-95. Thus, Smith cannot be entitled to relief on Claim 8.

Finally, Smith apparently alleges that counsel was ineffective in failing to raise all of her arguments on direct appeal, although she does not expressly enumerate such a claim.[6] Counsel has no constitutional duty to raise every non-frivolous issue or argument requested by defendant. Jones v. Barnes, 463 U.S. 745, 754 (1983). Counsel made a strategic decision on appeal to focus on arguments that the evidence did not support the jury's drug amount finding. If successful, at the very least, this argument would have relieved Smith of the statutory mandatory minimum sentence of ten years and reduced her guideline range. Smith fails to demonstrate that any of her current arguments had a higher probability of success on appeal than the evidentiary issue counsel raised or that counsel's appeal strategy was otherwise unreasonable. Accordingly, to the extent that she claims ineffective assistance on appeal, Smith's claim fails under both elements of the Strickland analysis. 466 U.S. at 687.

### III. Conclusion

For the stated reasons, the court concludes that Smith fails to establish any ground on which she is entitled to relief under § 2244. Therefore, the motion to dismiss must be granted. An appropriate order will enter this day.

The defendant is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the

---

[6] After each claim section in the § 2255 form Smith submitted, she indicated that she did not raise the claim on appeal because of "ineffective assistance of counsel."

Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), upon finding that the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. If defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the government.

ENTER: This 22 day of June, 2010.

United States District Judge